UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CINDY B. HUNT,              )<br>                             )<br>         Plaintiff,        )<br>                             )<br>    -vs-                     )<br>                             )<br>                             )<br>BRANCH BANKING AND TRUST CO., )<br>                             )<br>         Defendant.          )<br>_____    ) | Civil Action No.: 4:12-cv-2216-MGL-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, who is proceeding pro se, alleges numerous state law claims arising out of her banking relationship with Defendant Branch Banking & Trust (BB&T). Plaintiff filed this action in the Court of Common Pleas, Horry County, South Carolina on July 9, 2012. Defendant filed its Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that jurisdiction in this court was proper under 28 U.S.C. § 1332. Presently before the Court is Defendant's Motion to Dismiss (Document # 9). Because Plaintiff is pro se, the undersigned issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Motion to Dismiss and the possible consequences if she failed to file a response. Plaintiff filed her Response (Document # 14) on September 17, 2012.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the Motion to Dismiss is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

Defendant electronically filed its Notice of Removal in this court on Saturday, August 4, 2012.


Removal Documents (attached as Ex. 1 to Pl. Response) pp. 2-3. The same day, Defendant mailed the Notice of Removal to the state court and to Plaintiff. Id. at pp. 4-8. However, prior to either Plaintiff receiving or the state court filing the Notice of Removal, Plaintiff filed a document in state court entitled, "Withdrawal" in which she stated, "The Plaintiff requests that the complaint be withdrawn. The Defendant has not yet answered the complaint. The complaint was served on administrative assistant Layla Adams." See Withdrawal (attached as Ex. B to Def. Motion to Dismiss). The Withdrawal was stamped as filed in the state court on August 6, 2012, at 10:46 am. The Notice of Removal was stamped as filed in the state court on August 6, 2012, at 1:49 pm. See State Court Public Index (attached as Ex. A to Def. Motion to Dismiss). The status of the state court case is listed on the Public Index as "Withdrawn" and the disposition is listed as "Withdrawn or Settled by Parties." See id.

Defendant argues that, because Plaintiff's Withdrawal was filed prior to the filing of the Notice of Removal in state court, this case should be dismissed. Plaintiff argues that her Withdrawal was actually filed after the Notice of Removal was filed in this court and, thus, "the removal was complete on August 4, 2012." Pl. Resp. to Def. Motion p. 1. The procedure for removal is set forth in 28 U.S.C. § 1446. Under this statute, "[f]irst, the defendant must file a notice of removal in the United States district court for the district ... in which the state court action is pending. Second, promptly after filing the notice of removal [in federal court], the defendant must give written notice to adverse parties and must file a copy of the notice of removal with the clerk of the state court." Burroughs v. Palumbo, 871 F.Supp. 870, 871 (E.D.Va.1994) (internal citations omitted) (citing 28 U.S.C. § 1446(a) and (d)). As to this final step, the statute specifically states: "[ The defendant] shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further

unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added).

Plaintiff appears to argue that the state court was divested of jurisdiction over this action at the moment the Notice of Removal was filed in this court. However, this argument ignores the plain language of § 1446, which provides that the filing of the notice of removal with the state court "effect[s] the removal." The Fourth Circuit has held that, under § 1446, a state court "loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court." South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir.1971) (emphasis added). "The obvious inference from the statute and the Fourth Circuit holding is that the state court maintains jurisdiction over the action until the state court receives actual notice of removal." Burroughs, 871 F.Supp. at 872. "Indeed, it would be 'unfair to a state court to hold that it can be stripped of jurisdiction though it has no notice of this fact.'" Id. (citing Charles A. Wright, Law of Federal Courts 247 (1994)). Accordingly, "'[o]nce the notice of removal has been effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court.'" Thomas v. North Carolina, No. 1:10-cv-226, 2010 WL 2176075, *4 (M.D.N.C. May 21, 2010) (citing Holmes v. AC & S, Inc., 388 F.Supp.2d 663, 667 (E.D.Va.2004) (holding that amended complaint deleting federal cause of action, filed in state court after notice of removal in federal court but before notice of removal in state court, was in effect filed before removal and, thus, the federal court lacked jurisdiction); see also Davis v. Estate of Harrison, 214 F. Supp. 2d 695 (S.D. Miss. 2002) (dismissing suit, holding that defendants' filing of an answer in federal court before the state court received notice of the removal did not bar plaintiff from filing an effective voluntary stipulation of dismissal without prejudice in state court, as the state court continued to have jurisdiction until it received notice of the removal).

Based on the foregoing authority, Plaintiff's Withdrawal was filed prior to the removal to this court becoming effective and while the state court still had jurisdiction over this case. Rule 41(a)(1), SCRCP, provides that "an action may be dismissed by the plaintiff without order of the court (A) by filing and serving a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment, whichever first occurs." Because no court order was necessary to dispense of Plaintiff's case, it was properly marked as withdrawn at the time the Withdrawal was filed. Therefore, this case was withdrawn by Plaintiff prior to removal becoming effective. As such, it is recommended that Defendant's Motion to Dismiss (Document # 9)[1] be granted and this case be dismissed without prejudice because Plaintiff withdrew it before removal became effective.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 25, 2013
Florence, South Carolina

---

[1] Defendant has raised other grounds for dismissal in the Motion to Dismiss, but the court need not reach those issues.