UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cindy B. Hunt, ) | |
| ) | Civil Action No.: 4:12-2216-MGL-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Branch Banking and Trust Company,) | |
| ) | |
| Defendant. ) | |

This is the third lawsuit filed by Plaintiff Cindy B. Hunt ("Plaintiff") arising out of her banking relationship with Defendant Branch Banking and Trust Company ("BB&T"). This matter is now before the Court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 for the District of South Carolina. Plaintiff, who is proceeding *pros se*[1], alleges various state law causes of action against BB&T. In the underlying matter Defendant moves pursuant to F.R.Civ.P. 12(b)(6) to dismiss this action based upon Plaintiff's voluntary dismissal of the case prior to removal. (ECF No. 9.) The Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss. (ECF No. 22.) For the reasons set forth herein, the Court adopts the Magistrate Judge's Report and Recommendation and GRANTS Defendant's Motion to Dismiss.

**BACKGROUND**

The Magistrate Judge's Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes them below in relevant part. Plaintiff

---

[1]Plaintiff is a licensed attorney in the State of South Carolina.

1

filed the instant action on July 9, 2012, in the Horry Court of Common Pleas, Horry County, South Carolina alleging various state law causes of action. (ECF No. 1.) On Saturday, August 4, 2012, Defendant filed its notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 through the electronic CM/ECF system. Notice was mailed to both Plaintiff and the Clerk of Court of Horry County on that same day. (*Id.* pp. 4-8.) The removal petition was docketed with this Court on Tuesday August, 7, 2012. Prior to either the Plaintiff receiving or the state court filing the Notice of Removal, Plaintiff filed a document in state court entitled "Withdrawal" which stated that:

> The Plaintiff requests that the Complaint be withdrawn. The Defendant has not answered the complaint. The complaint was served on administrative assistant Layla Adams."
>
>   (ECF No. 9-2.)

The State Court stamped Plaintiff's Withdrawal as 10:46 A.M. on August 6, 2012.  Defendants' Notice of Removal was stamped 1:49 P.M. on August 6, 2012, by the State Court. (ECF No. 9-1.) In the Public Index, the status of the state court case was listed as "Withdrawn" and the disposition was listed as "Withdrawn or Settled by the Parties." *Id.*  The Magistrate Judge issued his Report and Recommendation and recommended the court grant Defendant's Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6) based on Plaintiff's voluntary dismissal of the action prior to removal.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de*

*novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The Magistrate Judge recommends granting Defendant's Motion to Dismiss.  First, the Magistrate Judge determined that Plaintiff's Withdrawal filed in state court was filed prior to the removal to this Court becoming effective and while the state court had jurisdiction.  Next he concluded that since no Court Order is needed to discharge Plaintiff's case, it was correctly noted as withdrawn at the time Plaintiff's Withdrawal was filed.  Finally, the Magistrate Judge, concluded that the case was Withdrawn before Removal had become effective and therefore, the case pending before this Court should be DISMISSED.

Plaintiff raised multiple objections to the Magistrate Judge's Report and Recommendation.  The Court has been able to glean one specific objection as to the Magistrate Judge's recommendation that the Plaintiff's Withdrawal was effective prior to the Removal becoming effective.

Plaintiff argues that Rule 41(a)(1), SCRCP, requires both filing and service for a voluntary dismissal to be effective.  The Court disagrees.  First, under Rule 41(a)(1) of the South Carolina

Rules of Civil Procedure, a plaintiff may dismiss an action without leave of court before the defendant files an answer or before a motion for summary judgment is filed. *Burry & Son Homebuilder, Inc. v. Ford*, 310 S.C. 529, 426 S.E.2d 313 (1992). In this matter, neither an answer nor a motion for summary judgment had been filed. In fact, Plaintiff acknowledged an answer had not been filed when she filed her state court Withdrawal. (ECF No. 9-2.) Next, as fully discussed by the Magistrate Judge, the State marked the disposition of this case as "Withdrawn" before the Removal had been completed. Finally, Plaintiff appears to have forgotten that she voluntarily filed the Withdrawal at issue in this matter.

Plaintiff's other objections fail to address any infirmity in the Report and Recommendation. Instead, they are general and conclusory objections that merely restate her disagreement with prior decisions of the Court and do not direct the court to any specific error in the Magistrate Judge's Report and Recommendation. Although, the Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed, the Court need not conduct a de novo review when a party makes only general and conclusory objections. *Orpiano*, 687 F.2d at 47. Here, the Court does not find that these generalized objections about prior court decisions are sufficient to raise any questions about the Magistrate Judge's Recommendation in this case .

## CONCLUSION

Upon review of Plaintiff's objections, the Court concludes that her objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition and are overruled. The Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. Accordingly, Defendant's Motion to Dismiss is **GRANTED** and this case is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

March 13, 2013
Florence, South Carolina